**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DIA'MON DALLAS,                                    CASE NO.:  3:19-CV-567

        Plaintiff,

vs.

FIRST COAST TECHNICAL COLLEGE;
CHRIS FORCE, Principal of First Coast Technical College;
DONNA GARY-DONOVAN, Assistant Principal
of First Coast Technical College, all in their official and
individual capacities,

        Defendants.
_____/

## FIRST AMENDED COMPLAINT

Plaintiff Dia'mon Dallas (hereinafter "Dallas"), by and through her attorney, Law Office of Cord Byrd, P.A., as and for her First Amended Complaint against Defendants, First Coast Technical College (hereinafter "FCTC"), Principle Chris Force (hereinafter "Force"), and Asst. Principle Donna Gary-Donovan (hereinafter "Gary-Donovan"), and alleges as follows:

## INTRODUCTION

1.      This is a civil rights action to vindicate Dallas' constitutional rights under the First Amendment of the United States Constitution, and Article I §4 of the Florida Constitution.  Students have a constitutional right to engage in expressive activities off school grounds during their personal time without being subject to discipline by public school administrators. Even if schools have authority to discipline a student's speech, they may only do so where the speech is likely to cause a substantial and material disruption to the school environment. This action seeks the relief described below, including a declaration that the school and its administrators exceeded their authority and violated the law when they disciplined Dallas for appearing in photograph holding a firearm that

was posted on social media.

2.      The Defendants have violated Dallas' constitutional right to free speech by imposing discipline on non-threatening, purely off campus speech, which was expressed on social media during her personal time.

3.      Dallas was photographed holding a lawfully possessed firearm that appeared on Facebook at a shooting range far away from school grounds.

4.      Under no circumstances could the picture reasonably be construed as threatening, violent, or otherwise posing any risk to the school community.

5.      The school claimed that the picture would cause a material and substantial disruption at school and suspended Dallas.

6.      No substantial or material disruption of the operation of the school actually occurred and there was no specific significant fear of future disruption.

7.      The Defendants violated Dallas' free speech rights by punishing her for purely off-campus speech with no evidence that the speech caused, or would cause, and material and substantial disruption at school.

8.      The Defendants' imposition of discipline was also *ultra vires* because it was not authorized by Florida law, which only permits a school to impose discipline under limited circumstances that are not present in this case.

## THE PARTIES

9.      Plaintiff Dia'mon Dallas resides in Palatka Florida. At the time of the incidents giving rise to her claims, Dallas was a student at First Coast Technical College.

10.     Defendant First Coast Technical College is a political subdivision of the State of Florida organized and existing under Title XLVIII of the Florida Statutes, which is responsible for the operation and policies of the public schools within the state. The School maintains its principal

office at 2980 Collins Avenue, St. Augustine, Florida 32084.

11.     Defendant Chris Force is, and at all relevant times here after mentioned was, the Principle of First Coast Technical College. Defendant Force has at all times here and after mentioned acted under color of state law and pursuant to official policy, practice, or procedure of FCTC in her capacity as Principle. Defendant Force is obliged to act in conformity with the United States Constitution and applicable federal and state laws. She is sued in both her individual and official capacities. Force's business address is 2980 Collins Avenue, St. Augustine, Florida 32084.

12.     Defendant Donna Gary-Donovan is, and at all relevant times here after mentioned was, the Assistant-Principle of First Coast Technical College. Defendant Gary-Donovan has at all times here and after mentioned acted under color of state law and pursuant to official policy, practice, or procedure of the school in her capacity as Assistant Principle. Defendant Gary-Donovan is obliged to act in conformity with the United States Constitution and applicable federal and state laws. She is sued in both her individual and official capacities. Gary-Donovan's business address is 2980 Collins Avenue, St. Augustine, Florida 32084.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, and 1343, as this action arises under the First Amendment of the Constitution of the United States of America and 42 U.S.C. §§ 1983, 1985. Declaratory and injunctive relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

14.     This Court has supplemental jurisdiction over Plaintiff's claims under Article 1 §4 of the Florida Constitution and other state law claims pursuant to 28 U.S.C. § 1367.

15.     Venue is proper in this court under 28 U.S.C. § 1391 because Defendant First Coast Technical College is deemed to exist in this District and the acts and actions which give rise to the claims asserted in this Complaint occurred in this District.

16.     This Court has personal jurisdiction over all of the Defendants in this action because their unconstitutional and unlawful actions occurred in the State of Florida.

**FACTS**

17.     Dallas attended FCTC in Saint Johns County, Florida starting in January 2019.

18.     At all relevant times, Dallas was a student at FCTC.

19.     Dallas never received any discipline during her career at FCTC.

20.     On April 24, 2019, Dallas and her fiancée practiced shooting firearms that were legally purchased and lawfully possessed. Dallas and her fiancée shot the firearms identified in the picture in Palatka, Florida far away from FCTC.

21.     The firearms were never brought to the school and were only used by Dallas on her personal time, off school grounds and never at school-related events.

22.     While at the range, a photograph was taken of Dallas and her fiancée holding firearms.

23.     Subsequently, the picture was to Facebook, with Dallas tagged in the post.

24.     The school's technology, accounts, or internet connection was not used to create the Facebook post, nor was Dallas on school grounds or at any school-related events when the post was made.

25.     According to the school, another student saw the picture on Facebook and reported it to FCTC administration.

26.     On Friday, April 26th, after taking a test, Dallas was confronted by Assistant Principle Donna Gary-Donovan at which time she was told that she was being suspended from school indefinitely for appearing in a picture holding a firearm.

27.     During the suspension meeting, Gary-Donovan accused Dallas of having a "mean look" on her face, possessing "illegal guns" and stated that, "Things you do in the dark come in

to the light."

28.     After advising Dallas that she was indefinitely suspended, Gary-Donovan along with a law enforcement officer escorted Dallas off the FCTC campus in the full and plain view of other students.

29.     Despite the fact that the posting was created off-campus, outside of school hours, and without any connection to school, and that the post unequivocally did not cause any material or substantial disruption at school, the school immediately subjected Dallas to indefinite suspension for speech that occurred outside of school and off school grounds.

30      Upon information and belief, Force and Gary-Donovan made the decision to suspend Dallas for her speech.

31.     The indefinite suspension prevents Dallas from graduating later this year which she was scheduled and on course to achieve. The suspension has caused a material and substantial delay in the pursuit of her education and entry into the workforce in her chosen profession.

### COUNT I
**VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION, 42 U.S.C. § 1983 AND § 1988 -- PUNISHMENT**

32.     Dallas re-alleges and re-avers paragraphs seventeen (17) through thirty-one (31) of the Complaint as if set forth herein.

33.     Dallas' purely off-campus Facebook communication with friends constitutes speech protected by the First Amendment to the United States Constitution, as applied to the States through the Due Process Clause of the Fourteenth Amendment.

34.     A school cannot punish a student for exercising her free speech rights away from school grounds or school activities and on her own private time.

35.     Moreover, even if schools have the authority to punish students for off-campus,

purely personal speech, Dallas' off-campus speech did not cause any material and substantial disruption at the school.

36.     The Facebook post was not directed at the school or to anyone in administration or in attendance at the school therefore there was no specific or significant fear of future material and substantial disruption at the school.

37.     Defendants' punishment of Dallas violated clearly established constitutional rights.

## COUNT II
### VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION, 42 U.S.C. § 1983 AND § 1988 --SCHOOL POLICIES

38.     Dallas re-alleges and re-avers paragraphs seventeen (17) through thirty-one (31) of the Complaint as if set forth herein.

39.     The FCTC's Student Code of Conduct permits school authorities to impose discipline upon a student for conduct that seriously affects the college's operation or property in a negative way, or upon a student whose conduct is determined to be unsatisfactory.

40.     Schools may not punish students for off-campus speech that is otherwise protected by the First Amendment.

41.     The FCTC's Code of Conduct is vague and overbroad and resulted in Dallas being disciplined for constitutionally protected speech and/or expressive conduct that occurred off school grounds and in her own personal time.

## COUNT III
### VIOLATION OF PLAINTIFF'S STATE RIGHT TO FREE SPEECH GUARANTEED BY ARTICLE 1 SECTION 4 OF THE FLORIDA CONSTITUTION

42.     Dallas re-alleges and re-avers paragraphs seventeen (17) through thirty-one (31) of the Complaint as if set forth herein.

43.    Defendants punishment of Dallas for speech that occurred outside of school hours, off of school grounds and not at school related activities, which did not, and could not have, materially or substantially interrupted the school environment, amounts to retaliation for a constitutionally protected activity and a violation of Article 1, Section 4 of the Florida Constitution.

44.    Defendants punishment of Dallas violated clearly established constitutional rights.

45.    The school's code of conduct is vague and overbroad and resulted in Dallas being disciplined for constitutionally protected speech and or expressive conduct that occurred off school grounds and in her personal time.

## COUNT IV
### DEFENDANTS ACTED BEYOND THEIR AUTHORITY UNDER FLORIDA STATE LAW, FLORIDA STATUTES TITLE XLVIII AND F.S. §1004.097

46.    Dallas re-alleges and re-avers paragraphs seventeen (17) through thirty-one (31) of the Complaint as if set forth herein.

47.    Defendants subjected Dallas to indefinite suspension as a result of her posing in a picture with a firearm while off school grounds, outside of school hours, and from her own technology.

48.    A student has a right to free speech and expression unless that speech causes a "material and substantial disruption."

49.    Dallas' conduct did not materially or substantially interfere with the school's operations and discipline was not necessary for student safety, security, and well-being.

50.    The discipline was thus *ultra vires*.

51.    As an actual proximate result of Defendants' conduct Dallas has been injured and has suffered damages, including monetary, psychological and reputational damages.

## COUNT V
### PLAINTIFF WAS ADVERSELY AFFECTED BY DEFENDANTS' POLICY IN VIOLATION OF FLORIDA STATUTE § 790.33

52.     Dallas re-alleges and re-avers paragraphs seventeen (17) through thirty-one (31) of the Complaint as if set forth herein.

Florida law preempts all regulation of firearms and ammunition to the state. This includes possession.

53.     A person or an organization whose membership is adversely affected by any ordinance, regulation, measure, directive, rule, enactment, order, or policy promulgated or caused to be enforced in violation of this section may file suit against any county, agency, municipality, district, or other entity in any court of this state having jurisdiction over any Defendant to the suit for declaratory and injunctive relief and for actual damages, caused by the violation.

54.     Defendants have a regulation, measure, directive, rule, enactment, order, or policy to discipline students for possessing firearms.

55.     Defendants disciplined Dallas for possession of a firearm.

56.     Dallas was adversely affected by the Defendants' regulation, measure, directive, rule, enactment, order, or policy to discipline students for possessing firearms.

57.     As a result of Defendants' intentional conduct, Dallas has suffered loss of wages, and emotional distress along with other economic losses which will impact Dallas in the future.

58.     Additionally, pursuant to F.S. §790.33(3)(b), Dallas requests that the court issue a permanent injunction against Defendants to prevent them from continuing or maintaining rules, regulations, directives or policies in violation of state law now and in the future.

59.     Pursuant to F.S. §790.33(3)(f)(1) Dallas requests payment of reasonable attorney's fees and costs in accordance with the laws of Florida, including a contingency fee

multiplier, as authorized by law.

**WHEREFORE,** Plaintiff requests that the court order relief against the Defendants and in favor of Plaintiff as follows:

A.      A declaration that Defendants' conduct as set forth above violated Dallas' constitutional right to free speech under the United States and Florida Constitutions.

B.      A declaration that Defendant's actions were *ultra vires.*

C.      Preliminary and permanent injunctive relief against Defendants, including;

    i.      Requiring Defendants to place a corrective statement in Dallas' student record file noting that she was unconstitutionally disciplined and her free speech rights were violated;

    ii.     Enjoining Defendants from any further attempts to regulate, discipline, or punish other students based on their constitutionally protected speech that occurs off school grounds, outside school hours, and not at school related events;

    iii.    Ordering Defendants to permanently revise its Code of Student Conduct and other policies and procedures that facilitated the unconstitutional intrusion upon Dallas' constitutional rights in order to safeguard the constitutional rights of students at the school by making clear that Defendants have no authority to regulate, discipline, or punish students based on their constitutionally protected speech that occurs off school grounds, outside school hours, and not at school related events. Alternatively, the Code of Student Conduct should be clarified so that it does not punish constitutionally protected speech that is not causing

material and substantial disruption to the school;

D.    An order granting Plaintiff judgment and an award of damages in an amount to be

determined at trial.

E.    An order awarding Plaintiff her costs of suit, including reasonable attorney's fees

and expenses, pursuant to 42 U.S.C. § 1983 and § 1988 and Florida Statute

§1004.097 and § 790.33.

F.    That the Court award Plaintiff such additional and further relief as this Court

deems equitable and just.

DATED THIS 24th day of May, 2019.

LAW OFFICE OF CORD BYRD, P.A.
1807 Third Street North
Jacksonville Beach, FL 32250
(904) 246-2404 Phone
cord@cordbyrdlaw.com
esther@cordbyrdlaw.com


*s/ Cord Byrd*_____
Cord Byrd, Esquire
Florida Bar No.: 134406
Attorney for Plaintiff